UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALTON RIDDICK,

              Plaintiff,

   - against -

DRUG ENFORCEMENT ADMINISTRATION,

             Defendants.
-----------------------------------------------------------X

**ORDER**

10-CV-0036 (NGG)(RER)

**REYES, United States Magistrate Judge:**

    The Honorable Nicholas G. Garaufis has assigned this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practice Rules of Magistrate Judge Ramon E. Reyes, Jr." Plaintiff and defendants are required to follow them, with one exception: *pro se* parties are automatically exempt from mandatory electronic filing. Parties represented by counsel in *pro se* cases must file all submissions electronically and mail the submission to the *pro se* litigant. Plaintiff is to provide a copy of this Order and the enclosed rules to each of the defendants, along with the summons and the Amended Complaint.

    The Court's records reflect that the Complaint in this action was filed on January 6, 2010. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, if service is not made upon defendants by May 6, 2010 or plaintiff fails to show good cause why such service has not been effected, I will recommend that the Court dismiss this

action without prejudice.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case. For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

SO ORDERED.

/s/
_____
RAMON E. REYES, Jr.
United States Magistrate Judge

Dated: January _14__, 2010
Brooklyn, New York

INDIVIDUAL PRACTICE RULES OF
MAGISTRATE JUDGE RAMON E. REYES, JR.
225 Cadman Plaza East, Rm. N208
Brooklyn, New York 11201
Courtroom N2E - North Wing,
Telephone: (718) 613-2120    Fax: (718) 613-2125
Secretary: Marta Rivera
Civil Matters: *Law Clerks*: Anna Kornikova (Case #'s ending with 0 - 3),
Previn Waran (Case #'s ending with 4 - 6), Melisa Gerecci (Case #'s ending with 7 - 9)
Criminal Matters: Courtroom Deputy: Miriam Vertus @(718) 613-2123

I. **Electronic Case Filing (ECF)**

   A. <u>General ECF Requirement; Exemptions</u>.

   1. Regardless of the district judge assigned, all documents, *except confidential or ex parte submissions*, directed to Magistrate Judge Reyes must be filed electronically via the court's Electronic Filing System pursuant to Administrative Order 2004-08. ECF procedures are available from the district court's web site at http://www.nyed.uscourts.gov. Questions regarding ECF filing or training should be directed to Evelyn Levine at (718) 613-2312.

   2. Regardless of the district judge assigned, in all cases assigned to Magistrate Judge Reyes, all attorneys must make an appearance and register to receive ECF notifications at the outset of the case, and in any event prior to filing any motions, letters, or other documents.

   3. Litigants proceeding *pro se* are exempt from ECF requirements. Other requests to be exempt from ECF requirements may be made in writing to Magistrate Judge Reyes. Requests for exemptions to the ECF requirements will only be considered after the attorney seeking the request has completed ECF training. Such requests will be granted only in limited and exceptional circumstances.

   B. <u>Hard Copies</u>.

   1. *Generally.* Except as provided below (*see* Rule III.D.3 with respect to motions and Rule I.B.2 with respect to time-sensitive submissions), **DO NOT SUBMIT HARD COPIES OF DOCUMENTS FILED VIA ECF.** The Court will determine whether the submission of courtesy hard copies would be useful, and, if so, will advise counsel.

2. *Exception for time-sensitive submissions.* **After first filing by ECF, a copy of time-sensitive submissions, such as requests for adjournments, must be faxed to chambers at (718) 613-2125, subject to the rules set forth below in paragraph II.D. The Court will ignore faxes sent before requests are filed on ECF.**

3. *Exception for filings containing non-text exhibits.* Parties filing non-text exhibits or materials in excess of 50 pages shall submit a courtesy copy of the entire filing.

4. *Notifications and orders by the Court.* Attorneys will receive notifications from the Court electronically. Hard copies will **not** be mailed to attorneys registered for ECF. Accordingly, attorneys are responsible for keeping their e-mail addresses current with the Clerk's Office. *Attorneys are also responsible for ensuring that they are registered with the Clerk's Office to receive email notifications in every matter before Magistrate Judge Reyes.*

II. **Communications With Chambers**

A. <u>Telephone calls</u>. Communications with chambers shall normally be by letter (*see* Rule II.D.). Telephone calls to chambers are permitted only between the hours of 9:00 a.m. and 4:00 p.m., and must be directed to (718) 613-2120. Attorneys should review the ECF docket prior to contacting chambers with questions regarding the scheduling of conferences.

B. <u>Letters</u>. All letters sent to the Court, *except confidential settlement letters*[1], are to be filed via ECF (*see* Rule I.B.2 above regarding time-sensitive letters), with copies simultaneously delivered to all parties, and with service on all parties indicated on the face of the letter. Copies of correspondence between counsel shall not be filed or sent to the Court. *All letters to Magistrate Judge Reyes requesting Court intervention, including those sent pursuant to Local Civil Rules 37.1 and 37.3, or requesting an adjournment or extension of discovery deadlines, must be electronically filed under "Motions" and not "Letter" under "Other Documents."*

---

[1] Settlement position statements, which are used for purposes of facilitating Court-scheduled settlement conferences, need not be submitted via ECF, but shall be submitted *ex parte via facsimile* to chambers.

2

C. <u>Requests for adjournments or extensions of time</u>. All requests for adjournment of a court appearance, absent an emergency, **shall be made at least 48 hours prior to the scheduled appearance.** Further, all requests for adjournments must state: (1) the reason for the extension; (2) the original date, (3) the number of previous requests for adjournment or extension, (4) whether those previous requests were granted or denied, and (5) whether the adversary consents (including any reasons given by the adversary for withholding consent). If the requested adjournment or extension affects any other scheduled date, a proposed Revised Scheduling Order must be submitted.

D. <u>Faxes</u>. Faxes not exceeding five pages, excluding a cover sheet, are permitted without prior authorization. Longer faxes require permission. Papers faxed to chambers must also be faxed to all other parties.

E. <u>E-mail</u>. Parties may not submit documents via email, unless instructed to do so by the Court. All documents being submitted should be filed through ECF. Parties may also not communicate with chambers via email unless prior authorization has been granted.

## III. Motions

<u>MOTION RULES AT A GLANCE:</u>   Oral Argument – No
Courtesy Copies to Chambers – Yes
Special Filing Rules – Yes

A. <u>Judge to Whom Motions Are to Be Made</u>. Unless otherwise specifically ordered, or required by the District Judge's rules, all non-dispositive pretrial motions, including but not limited to discovery motions, motions to amend pleadings, to intervene, or to transfer venue, are to be made to Magistrate Judge Reyes. All dispositive motions, including but not limited to summary judgment motions and motions to dismiss, are to be made to the District Judge, unless the parties have consented in writing to determination by the Magistrate Judge in accordance with 28 U.S.C. § 636 (c)(1). The parties are advised to consult 28 U.S.C. § 636 and applicable case law to determine whether a proposed motion should be filed with the District or Magistrate Judge.

B. <u>Pre-Motion Conferences</u>. For motions other than discovery motions in all cases where the parties are represented by counsel, a pre-motion conference with the Court is required before making any motion.

To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three (3) pages in length setting forth the factual and legal bases of the anticipated motion. All parties so served must serve and file a letter response, not to exceed three (3) pages within four (4) days from the service of the notification

3

letter. Service of the letter by the moving party within the time requirements of Rule 12 of the Federal Rules of Civil Procedure shall constitute timely service of a motion made pursuant to Federal Rules of Civil Procedure 12(b).

C. <u>Discovery Motions.</u>

1. **For all discovery motions and disputes, the attorneys for the affected parties or non-party witness shall follow Local Civil Rule 37.3(a), which requires that the parties first attempt to confer in good faith in person or by telephone in an effort to resolve the dispute before notifying the Court.**

2. For disputes arising during depositions, where the parties are unable to resolve the dispute under Local Civil Rule 37.3(a), follow Local Civil Rule 37.2(b).

3. For all other discovery and non-dispositive pretrial disputes, where the parties are unable to resolve the dispute under Local Civil Rule 37.3(a), the aggrieved party shall notify the Court by letter outlining the nature of the dispute and attaching any relevant materials. Such a letter shall be filed on ECF as a "Motion" (*see* Rule II.B). Within three days of receiving such a letter, any opposing party or non-party witness may submit a responsive letter attaching any relevant materials. Failure to respond within three days may result in the motion being granted as unopposed. Unless prior permission has been granted, all letters and responses shall not exceed three single-spaced pages in 12-point font with one-inch side, top and bottom margins.

D. <u>General Practices</u>.

1. *Service, filing, and briefing schedules.*

    a. **For motions other than discovery motions, no motion papers shall be filed until the motion has been fully briefed.** The notice of motion and all supporting papers are to be served on the other parties along with a cover letter setting forth whom the movant represents and the papers being served. A copy of the cover letter only is to be filed to chambers at that time.

    b. Subject to Court approval, the parties are to set up their own briefing schedule for motions other than discovery motions. No changes in the approved schedule may be made without the Court's approval. Approval may be given at the pre-motion conference or by subsequent letter. No party is to serve any

motion papers prior to obtaining the Court's approval of the briefing schedule.

  c. The original moving party shall be responsible for electronically filing all motion papers. Such party shall also serve and file a letter specifying each document filed in the motion package. The adversary is responsible for providing the movant with a PDF version of opposition papers, as well as two (2) courtesy copies for chambers.

  d. **For discovery motions, each party's papers may be filed electronically upon their completion,** following the schedule provided in Local Rule 6.1(a).

2. *Memoranda of law.* Unless prior permission has been granted, memoranda of law in support of and in opposition to motions on notice are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and table of authorities. Case citations must contain pinpoint cites. All memoranda of law must use one-inch side, top and bottom margins, double spacing, and 12-point font. Legal arguments must be set forth in a memorandum of law; affidavits or affirmations containing legal argument will be rejected. *See* Local Civil Rule 7.1. **Any memoranda, or affidavits not complying with the requirements set forth herein will be rejected.**

3. *Courtesy copies.* Immediately after electronic filing, the moving party shall provide two (2) hard copies of the motion papers, each marked as a "Courtesy Copy," to chambers. Courtesy copies of dispositive motions made to the District Judge should **not** be provided to the Magistrate Judge.

4. *Oral argument on motions.* Parties may request oral argument. The Court will determine whether argument will be heard, and, if so, will advise counsel of the argument date.

## IV. Pretrial Procedures in Civil Trials Referred To Magistrate Judge Reyes

 A. <u>Joint pretrial orders</u>. In cases referred for trial before Magistrate Judge Reyes in which a pretrial order has already been filed pursuant to the individual practice rules of another judge, no additional filing is required under this rule. In cases where no pretrial order was filed prior to the referral to Magistrate Judge Reyes, the parties shall, on the date specified in the scheduling order or as otherwise ordered by the Court, within 60 days after discovery is completed, submit a joint pretrial order for approval that includes the following:

  1. The full caption of the action;

5

2. The names (including firm names), addresses (including email), and telephone and fax numbers of trial counsel;

3. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall cite relevant statutes and facts regarding citizenship and jurisdictional amounts.

4. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recitals of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defense previously asserted that are not to be tried.

5. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

6. A list by each party as to the fact and expert witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Only listed witnesses will be permitted to testify; except when prompt notice has been given and good cause shown.

7. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

8. A statement of stipulated facts, if any.

9. Exhibits:

    A. A schedule listing exhibits to be offered in evidence and if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds. Failure to object in the pretrial order waives all objections at trial, except objections as to relevance. Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence except for good cause; and

B. All exhibits must be premarked for the trial, and exchanged with the other parties, and a full set of all premarked exhibits must be provided to chambers at least ten days before trial. Where exhibits are voluminous, they should be placed in binders with tabs.

B. *Filings prior to trial*. Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

1. Requests to charge, proposed voir dire questions and proposed verdict form. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court. This material should also be submitted via email or on a 3.5" diskette or CD in Word Perfect format.

2. By claim, a detailed statement regarding damages and other relief sought;

3. In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

4. *In limine* motions addressing any evidentiary or other issues which could not be resolved; and

5. In any case where such party believes, it would be useful, a pretrial memorandum.

Dated 2/21/06
updated 9/09/09

7